UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN HENRY WADE,

       *Plaintiff*,

   v.

ROB SHRIVER,

       *Defendant*.

Civil Action No. 1:23-cv-3262 (CJN)

**ORDER**

Proceeding pro se, John Henry Wade sued the OPM Director in D.C. Superior Court on a complaint that appeared to assert two claims. *See* ECF No. 1-1 (Compl.) at 3. First, Wade sought to "[r]ecover" the Official Personnel Folder (OPF) documenting his various stints of government employment, which Wade alleged would demonstrate his entitlement to additional compensation based on unused leave. *Id.*; *see also* ECF No. 16 (Wade Opp.) at 1.[1] Second, Wade seemingly sought relief from an "allegation of indebt[ed]ness" that the government made against him for health insurance premiums that purportedly were not payroll-deducted during his employment at the Department of the Navy. Compl. at 3. As Wade wrote in the relevant portion of his complaint, "[t]he [i]ssue is whether or [n]ot union dues w[ere] payroll deducted to constitute the deduction for a healthcare premium." *Id.*

---

[1] Wade seems to have filed two virtually identical documents in this matter. *Compare* ECF No. 15 *with* ECF No. 16. Because ECF No. 16 contains a handwritten notation that states it is a "Corrective Copy," the Court will treat ECF No. 16 as Wade's operative filing. *See* Wade Opp. at 1.

1

OPM removed Wade's suit to this court under the federal officer removal statute, *see* 28 U.S.C. § 1442(a)(1), and filed a civil cover sheet indicating that the case belonged to the "Administrative Agency Review" category. *See* ECF No. 1 at 1; ECF No. 1-2 at 1. OPM then submitted a status report asserting that it was prepared to "demonstrate in a dispositive motion" that Wade's complaint suffers from numerous fatal "defects," including Wade's failure to exhaust administrative remedies under FOIA as well as under "all other [legal] theories" as to which "the agency was first entitled [to] exercise its discretion and expertise over and establish its supporting factual record." ECF No. 5 ¶ 2. OPM also opined that "any exhausted claims that accrued more than thirty years ago are barred by the applicable six-year statute of limitations" and that "allegations against the Defense Department cannot plausibly state a case against OPM." *Id.* But because Wade had not yet properly served OPM, it was "not [then] under an obligation to respond to the existing complaint." *Id.* ¶ 3.

After Wade cured his service defect, *see* ECF No. 8, OPM moved for summary judgment in what it described as Wade's "FOIA case[]." ECF No. 13-2 (OPM Mot.) at 1–2; *id.* at 1 ("As 'relief,' Plaintiff seeks 'to recover [his] Official Personnel File.'") (quoting Compl. at 3); *see also* ECF No. 20 (OPM Reply) at 1 ("In this Freedom of Information Act [] case, the sole issue before the Court concerns whether Defendant complied with FOIA production requirements when [it] provided Plaintiff with his requested [OPF] . . . ."). Citing an affidavit by a records custodian at the National Archives and Records Administration (NARA), the agency responsible for storing aged OPFs, OPM argued that no genuine disputes of material fact remain because it has already produced Wade's OPF with appropriate redactions. *See* OPM Mot at 1–2; ECF No. 13-3 (Mellott Decl.) ¶¶ 4–7; *see also Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir.

2001). But OPM made no mention in its motion of Wade's potential claim regarding his alleged indebtedness. *See generally* OPM Mot.

To the extent that this is in fact just a FOIA case, the Court agrees that summary judgment is appropriate. OPM's affiant attests that, in May 2023, Wade submitted a FOIA request to NARA for "[p]ersonnel records intercepted by DOD from OPM after [his] break in service on November 15th, 1980 with [OPM]." Mellott Decl. ¶ 8. "Pursuant to this request," NARA sent Wade his OPF via physical mail on July 7, 2023, and then provided him with a second copy on March 23, 2024. *Id.* ¶ 10. On both occasions, "[t]he OPF was released in full with redactions to remove personally identif[ying] information (such as names, addresses, social security numbers, and healthcare information) of third parties as is required by FOIA exemption[] 6 . . . ."[2] *Id.*; *see* 5 U.S.C. § 552(b)(6) (barring release of "personnel . . . files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"). Wade does not contest that he received his OPF in July 2023 and March 2024 (beyond an unexplained allegation in an unauthorized surreply that he received only a "transcript[]" of it), and indeed, appears to cite numerous excerpts from the OPF in his filings. *See* Wade Opp. at 1–8; ECF No. 16-1; ECF No. 21 (Wade Surreply) at 1, 5–9. Wade also does not argue that the OPF was inappropriately redacted, *see* Wade Opp. at 1–7, and the Court cannot discern any conceivable error in that regard. *See Parker v. U.S. Dep't of Just.*,

---

[2] OPM's affiant also asserted that the redactions were appropriate pursuant to FOIA Exemption 7(C), which "permit[s] an agency to withhold from disclosure information that is 'compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" *Moore v. Bush*, 601 F. Supp. 2d 6, 13–14 (D.D.C. 2009) (quoting 5 U.S.C. § 552(b)(7)(C)); Mellott Decl. ¶ 10. It is not entirely clear how "redact[ing] names, social security numbers, [and] dates of birth" of "third parties" referenced in a personnel file, Mellott Decl. ¶ 10, could implicate information "compiled for law enforcement purposes." *Moore*, 601 F. Supp. 2d at 13. But "[b]ecause Exemption [6] covers this case, there is no occasion to address the application of Exemption [7(C)]." *Department of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762 n.12 (1989).

986 F. Supp. 2d 30, 37–38 (D.D.C. 2013) (permitting redaction of "third-party [personal] information" under Exemption 6).  In short, it is clear that OPM has wholly satisfied Wade's first, FOIA-based claim for relief by permitting him to "recover" his OPF.  Compl. at 3.

What is less clear, however, is whether Wade has a second claim for relief that remains live and unaddressed by OPM's motion for summary judgment.  As discussed, Wade's complaint raised the separate "issue" of whether he had in fact paid his health insurance premiums via his union dues.  *Id.*  Prior to filing its summary judgment motion, OPM appeared to acknowledge that issue: its removal cover sheet classified the case not as a "FOIA" action but an "Administrative Agency Review" action, and its initial status report referenced Wade's "allegations against the Defense Department" and his non-FOIA "theories" of administrative harm.  ECF No. 1-2 at 1; ECF No. 5 ¶ 2. And while Wade's filings in response to OPM's motion are far from pellucid, they do reference supposed "contradictions" both within his OPF and between the OPF and other documents regarding, among other topics, whether his "union dues w[e]re [e]ver [p]ayroll deducted."  Wade Opp. at 2, 6–7; *cf.* OPM Reply at 4 (observing that Wade's opposition "raise[s] the non-FOIA issue of whether he made certain payments" and that Wade's "grievance is not really about the agency's FOIA response").

Because it appears at least possible that Wade has raised a separate claim that OPM's motion for summary judgment did not address, and in light of Wade's pro se status, the Court will grant OPM's motion only in part, as to Wade's FOIA claim seeking recovery of his OPF.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (requiring pro se filings "to be liberally construed").  On or before March 5, 2025, Wade shall file a brief that states whether he in fact intends to assert a second, distinct claim regarding the government's supposed allegation of indebtedness against him.  If so, Wade shall also explain the nature of the claim and show cause

4

why it is not barred by failure to exhaust administrative remedies, *see Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003), or by the six-year statute of limitations for civil actions against the United States. *See* 28 U.S.C. § 2401. The brief shall not exceed ten pages. If Wade fails to file such a brief, the Court may sua sponte dismiss his possible second claim or OPM may file a dispositive motion.

For the foregoing reasons, it is hereby

**ORDERED** that OPM's Motion for Summary Judgment, ECF No. 13, is **GRANTED IN PART** as to Wade's FOIA claim for recovery of his OPF and **DENIED IN PART** as to Wade's apparent claim for relief regarding the government's supposed allegation of indebtedness; and it is further

**ORDERED** that, on or before March 5, 2025, Wade shall file a brief not exceeding ten pages that states whether he indeed intends to assert a claim regarding the government's allegation of indebtedness. If so, the brief shall also explain the nature of the claim and show cause why it should not be dismissed for failure to exhaust administrative remedies or as time-barred by the applicable statute of limitations.

This is a final and appealable order.

DATE: February 5, 2025

_____
CARL J. NICHOLS
United States District Judge